UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X   **ECF FILING**
SHERYL BALDEO,
                                  Docket No.: 05 Civ. 00205 (SCR)
          Plaintiff,

- against -                 **COMPLAINT**
                              **PLAINTIFF DEMANDS**
DEREK LEWIS, D.D.S., P.C..       **A JURY TRIAL**

         Defendants.
------------------------------------------------------X

        Plaintiff,Plaintiff, **SHERYL BALDEO**, by , by her att, by her attorneys, **GOODSTEIN** complaining of the Defendant, alleges as follows:

        1.    ThisThis is an action to remedy the failure of Defendant to properly payThis is an action to overtimeovertime aovertime at overtime at the rate of time-and-a half as required by the Fair Labor Standards A etet seq. Jurisdiction is conferred upon this Court by 29 USC §216 (b) of the Fairet seq. Jurisdiction is conferred upo byby 28 USC §1331, this action arising underby 28 USC §1331, this action arising under the lawsby 28 USC §1331 actionaction arising under Acts of Congress regulatiaction arising under Acts of Congress regulating commerc pendentpendent jurisdictionpendent jurisdiction Plaintiff claims failure to pay wages due andpendent jurisdiction State Labor Law §198.

## PARTIES

        2.    PlaintiffPlaintiff is a female former employee ofPlaintiff is a female former employee of Defe Avenue, Apt. 25, Bronx, NewAvenue, Apt. 25, Bronx, New York 10458.  Plaintiff s employment terminated as 2004.

        3.    DDefendantDefendant DEREK LEWIS, D.D.S., P.C. (hereinafter  Lewis ) isDefe

professional corporation organized pursuant to the lawsprofessional corporation organized pursuant to the laws o

110110 Lockwood Avenu110 Lockwood Avenue, Suite 110 Lockwood Avenue, Suite 101, New Rochelle,

employeremployer engaged in interstateemployer engaged in interstate commerce and subject to the Fair Labor Stan

et seq.) and to the New York State Labor Law ( Labor Law §§190 et seq.)

## FACTS

4.      PlaintiffPlaintiff was hired by Defendant as an office Plaintiff was hired by Defendant facility.facility. Defendant agreed to pay Plaintiff, with a forty (40) hour work week, at an hourly rate of Twenty Five ($25.00) Dollars,

5.      PlaintiffPlaintiff worked extra hours per week over and above Forty (Plaintiff worked ext week.

6.      Plaintiff s regular rate of pay was Twenty ($25.00) Dollars per hour.

## AS AND FOR A FIRST CAUSE OF ACTION

7.      AlthoughAlthough Plaintiff worked overtimeAlthough Plaintiff worked overtime during th 16, 2004, she did not receive proper overtime compensation for this period.

8.      PlaintiffPlaintiff earned $25.00 per hour, so her ratePlaintiff earned $25.00 per hour, so Seven Dollars Fifty Cents ($37.50) per hour.

9.      PPlaintiffPlaintiff did not receive proper overtime payment, in violation of Plaintiff did Labor Standards Act, although she worked more than forty (40) hours per week.

10.     Defendant s failure to pay Plaintiff overtime was willful.

## AS AND FOR A SECOND CAUSE OF ACTION
## PENDENT CAUSE OF ACTION

11.  FromFrom July, 2002 through October 16, 2004, Plaintiff was denied overtime in violationviolation of Laborviolation of Labor Law §190 et seq. §198, and therefore this is wageviolation of Labor L missing wages.

**WHEREFORE**, Plaintiffs request that this Court enter an Order determining:

### On the New York State Labor Law §198 Cause of Action

(a) That Defendant violated the New York State Labor Law;

(b) DeDeclaringDeclaring that Defendant s violation of the New York State Labor Law was willful;

(c) AwardingAwarding Plaintiff during the period July, 2002 throughAwarding Plainti 20042004 a payment of $37.50 per hour for all hours overtime worked per week during the period;

(d) Finding that refusal to pay Plaintiffs the correct wages required was willfulwillful and awarding Plaintiffs an additional amount as willful and award damagedamagesdamages equal to twenty five (25%) percent of the total amount o wages found to be due; and

(e) Awarding Plaintiffs reasonable attorney s fees.

**On The Fair Labor Standards Act Cause of Action**

(a) DeterminingDetermining that Defendant violateDetermining that Defendant violated CodeCode USC §201 et seq.)Code USC §201 et seq.) for the Code USC §201 et and including October 16, 2004;

(b) DeterminingDetermining that Defendant s violation of the Fair Labor Standards Act was willful;

(c) GrantingGranting Plaintiff Granting Plaintiff tGranting Plaintiff time-and-a-half a each and every hour worked overtime during the period;

(d) GrantingGranting Plaintiff anGranting Plaintiff an equal amount inGranting Plaintiff thethe period dating three (3)the period dating three (3) years before the filing of th and

(e) AwardingAwarding Plaintiff her cost and reasonable attorneys fees togeAwardin withwith swith such other and further relief as to the Court seems justwith suc proper.

Dated: New Rochelle, New York
       January 7, 2005

Yours, etc.,

**GOODSTEIN & WEST**

By:/s/_____
  **ROBERT DAVID GOODSTEIN (RDG5443)**
Attorneys for Plaintiff
56 Harrison Street, Suite 401
New Rochelle, New York 10801
(914) 632-8382